UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DOMINIC X. BOX,<br><br>Defendant. | Criminal Action No. 22-413 (CKK) |

**MEMORANDUM OPINION & ORDER**
(October 15, 2024)

For his actions as a member of the riot at the United States Capitol on January 6, 2021, Defendant Dominic X. Box was charged by indictment with seven counts:

- Count One: Obstruction of an Official Proceeding and Aiding and Abetting, in violation of 18 U.S.C. §§ 1512(c)(2) and 2;

- Count Two: Civil Disorder, in violation of 18 U.S.C. § 231(a)(3);

- Count Three: Civil Disorder, in violation of 18 U.S.C. § 231(a)(3);

- Count Four: Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1);

- Count Five: Disorderly and Disruptive Conduct in a Restricted Building, in violation of 18 U.S.C. § 1752(a)(2);

- Count Six: Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D); and

- Count Seven: Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G).

*See* Superseding Indictment, ECF No. 63. The Court held a stipulated bench trial on June 17, 2024 based on the Statement of Facts for Stipulated Trial (the "Stipulated Facts" or "Stip. Facts") attached to the parties' [73] Joint Motion to Convert Hearing and on accompanying exhibits.

During the stipulated trial, the Court engaged in a colloquy with Box. *See* Stipulated Trial Tr., ECF No. 98 at 18–38, 187–195 ("Stip. Trial Tr."). Based on that colloquy, the Court finds

1

that Box knowingly, voluntarily, and intelligently waived his rights to a trial by jury on Counts One through Five, to a non-jury trial on Counts Six and Seven, to confront witnesses against him, to compulsory process, and to testify in his own defense. *See id.* at 28:11–31:10, 195:5–11. Box also agreed that the Stipulated Facts in their entirety "are true and actually did occur." *Id.* at 20:12–14. And, on inquiry by the Court, Box further agreed with, or did not contest, each individual provision of the Stipulated Facts. *See id.* at 38:17–94:6, 98:5–108:11, 179:6–187:18.

Box also preserved certain appellate rights. Prior to the stipulated trial, the Court denied Box's [75] Motion to Dismiss Count One. *See* Order, ECF No. 81; Mem. Op., ECF No. 82. The Stipulated Facts, to which the parties agreed, reserved Box's "ability to challenge . . . on appeal" the then-prevailing elements of the offense of Count One. Stip. Facts at 2.[1] Box agreed to the Stipulated Facts "without waiving any arguments as to Count One set forth in his Motion to Dismiss." *Id.* at 32 ¶ 54. And the parties further stipulated that Box's agreement to the Stipulated Facts should not "be construed in any way as a waiver by Box of his right to appeal a conviction under Count One based on the arguments raised in his Motion to Dismiss." *Id.*

The precise contours of Box's appellate rights were a subject of discussion at the stipulated trial. And the Court expressed concern that there was not "a total meeting of the minds" as to the distinctions—if any—between Box's reserved rights to appeal this Court's denial of his Motion to Dismiss Count One and his rights to appeal potential convictions under Counts One through Seven at the stipulated trial. Stip. Trial Tr. 139:9–14. The Court recessed so the parties could confer on this issue. *Id.* The parties agreed to supplemental language that reserved to Box all appellate rights "usually available following conviction" as to his stipulated trial and further reserved distinct rights as to any appellate "claim arising from the Court's denial of the motion to dismiss." Notice of

---

[1] The Stipulated Facts are attached to the parties' [73] Joint Motion to Convert Hearing but not docketed separately. Pinpoint citations to the Stipulated Facts reference the page numbers on the attachment itself (running from 1 to 37).

2

Suppl., ECF No. 84.  Those supplemental terms were read into the record during the stipulated trial, and Box agreed to them.  Stip. Trial Tr. 193:13–194:12.

Subject to those reservations of appellate rights, Box agreed in the Stipulated Facts that "if the Court finds the existence of these facts beyond a reasonable doubt, this evidence would establish each and every element of" Counts One through Seven.  Stip. Facts at 32–36.  At the stipulated trial, Box reaffirmed his agreement to those terms.  Stip. Trial Tr. 179:13–19, 181:3–10, 183:3–12, 184:5–11, 185:9–20, 186:15–21, 187:12–18.

### A. Count One

Eleven days after the stipulated trial, the U.S. Supreme Court issued its opinion in *Fischer v. United States*, 144 S. Ct. 2176 (2024), narrowing the scope of 18 U.S.C. § 1512(c)(2), under which Box was charged in Count One of the Superseding Indictment.  By minute order, the Court granted Box leave to file a [85-2] Motion for Reconsideration of the Court's earlier order denying his motion to dismiss Count One in light of this "change in the law controlling Count One."  Minute Order, Aug. 8, 2024.  And Box argued that under *Fischer* and related cases, "Count One of the [Superseding Indictment] must be dismissed."  ECF No. 85-2 at 3.

The Court allowed the Government six weeks to respond to Box's Motion for Reconsideration, which raised and purported to incorporate more than 130 pages of argument for the dismissal of Count One.  *See* Order, ECF No. 91 at 3–4.  Without conceding any of those arguments, the Government informed the Court that it "believes it appropriate to dismiss Count One in the interests of judicial economy."  Gov't Resp., ECF No. 95.  And after a teleconference on the record and further briefing, the Government moved to "dismiss Count One in the interest of justice."  Gov't Mot., ECF No. 100.  By minute order, the Court granted the Government's motion and dismissed Count One with prejudice.  Minute Order, Oct. 11, 2024.

**B. Counts Two and Three**

Counts Two and Three of the Superseding Indictment charge Box with Civil Disorder in violation of 18 U.S.C. § 231(a)(3). The parties agree that to convict Box under Section 231(a)(3), the Court must find beyond a reasonable doubt:

1. That the defendant committed or attempted to commit any act to obstruct, impede or interfere with any law enforcement officer;

2. That the law enforcement officer was lawfully engaged in the lawful performance of his official duties incident to and during the commission of a civil disorder; and

3. That the civil disorder in any way or degree obstructed, delayed, or adversely affected commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function.

Stip. Facts at 2–3. The terms "civil disorder" and "federally protected function" are both defined further by 18 U.S.C. §§ 232(1), (3).

Box "admits that, on January 6, 2021, at the U.S. Capitol, he knowingly committed an act or attempted to commit an act with the intended purpose of obstructing, impeding, or interfering with U.S. Capitol Police Officers." Stip. Facts at 33 ¶ 56. As to Count Two, Box "admits that he joined a group of individuals who pushed through officers at the entryway to the Crypt" Room of the U.S. Capitol and "overwhelmed the Crypt officers." *Id.* Box further admits that, while with that group in the Crypt, he shouted "Don't fuckin' tread on us!" as officers were forced to retreat and later shouted at an officer attempting to deescalate the situation "There's no talking, there's no fucking talking." *Id.* at 19 ¶¶ 34–35. The Government played a video of these events at the stipulated trial, Gov't Ex. 8, and Box agreed that the video depicted him, Stip. Trial Tr. 72:3–14. As to Count Three, Box admits that "when officers were attempting to keep the East Rotunda doors shut, he ignored their orders" and instead "stood outside the doors, reached towards them, and helped hold open one of the doors." Stip. Facts at 33 ¶ 56. Box further admits that during this

4

time, he yelled to the surrounding crowd "We need more people!" *Id.* The Government presented multiple videos of this conduct, Gov't Exs. 12, 13, 14, the Court reviewed additional portions of those videos at Box's request, and Box agreed the videos depicted him, Stip. Trial Tr. 87:3–103:4.

As to both Counts Two and Three, Box admits that at the time he committed these acts, the "officers were engaged in the lawful performance of their official duties incident to and during a civil disorder." Stip. Facts at 33 ¶ 56. Specifically, Box admits—and the Court agrees—that the "attack at the U.S. Capitol was a 'civil disorder' as defined in 18 U.S.C. § 232(1)." *Id.* at 10 ¶ 17. Box further admits that this civil disorder "obstructed, delayed, or adversely affected commerce or the movement of any article or commodity in commerce" by causing the early closure of Safeway stores. *Id.* at 10, 33 ¶¶ 15, 56. And Box also admits that this civil disorder "obstructed, delayed, or adversely affected . . . the conduct or performance of a federally protected function"— namely, the protection of former Vice President Mike Pence and of the U.S. Capitol by the U.S. Secret Service and the U.S. Capitol Police. *Id.* at 10, 33 ¶¶ 16, 56.

Box agreed that "[i]f the Court finds the existence of these facts beyond a reasonable doubt . . . this evidence would establish each and every element of Counts Two and Three of the Superseding Indictment beyond a reasonable doubt." Stip. Facts at 33 ¶ 57. Having reviewed Box's admissions, the full Stipulated Facts, and the exhibits provided by the Government both during the stipulated trial and in Chambers, the Court finds the existence of these stipulated facts has been established beyond a reasonable doubt. Accordingly, the Court finds that the elements of the offenses for Counts Two and Three have been established and thus finds Box **GUILTY** of Counts Two and Three of the Superseding Indictment.

Before moving on, the Court pauses to address some arguments raised by Box after the stipulated trial. At a teleconference on the record, Box suggested that dismissal of Count One

would affect this Court's judgment as to Counts Two and Three because Section 231 requires a "predicate offense" and Count One is the only "other felony predicate." *See* Order, ECF No. 99 at 1–2.  Later, in a [96] Notice, Box argued that the Court should construe his Motion to Dismiss Count One as additionally requesting dismissal of Counts Two and Three and that dismissal of Count One would prevent the Court from relying on some elements of the Stipulated Facts.  None of these arguments has merit.

       First, Section 231 does not require a "felony predicate."  Nothing in the statute establishes such a requirement.  The parties' stipulated elements of the offense do not mention any felony predicate.  *See* Stip. Facts at 6–7.  And the Court is unaware of any authority suggesting one exists.

       Second, Box's Motion to Dismiss Count One has no bearing on Counts Two and Three.  It was, after all, a motion to dismiss *Count One*.  And the proposed order attached to that motion, and to Box's Motion for Reconsideration, states only that "Count One of the indictment is dismissed with prejudice."  ECF Nos. 75-7, 85-3.  Box has belatedly posited that the arguments in his Motion to Dismiss "would apply to Counts Two through Seven."  Notice, ECF No. 96 at 3.  But that is belied by Box's own statements to this Court.  For example, Box's counsel "wanted to make sure I clarified that, you know, nothing in any of the filings was meant to run or be viewed as contrary to the stipulated facts . . . or otherwise, is Mr. Box intending to say that he did not violate, you know, a 231 charge."  Stip. Trial Tr. 13:20–25.  Box's counsel further clarified that "for the obstruction charge" in Count One "we would be asserting" defenses raised in the Motion to Dismiss, but "for the other offenses for Counts 2 through 7, we are waiving" those defenses.  *Id.* at 112:9–13.  Similar clarifications abound.  *E.g., id.* at 116:5–6 ("[W]e're asserting that defense as it relates to 1512 but not as it relates . . . to the other offenses."), 134:4–9 ("[O]ur understanding was that . . . Counts 2 through 7, they were not meant to touch the validity of . . . the 1512 charge.

6

That that – you know, we were going to treat that as a separate issue."). In short, Box made clear that his Motion to Dismiss Count One was a motion to dismiss Count One *only*.

Third, Box's arguments about the substance of the Stipulated Facts lack merit. Paragraph 54 of the Stipulated Facts summarizes Box's admissions as to Count One and includes a reference to Section 231 because, at the time, the parties understood a violation of 18 U.S.C. § 1512(c)(2) to require the commission of an independent felony. Stip. Facts at 32 ¶ 54. Paragraph 55 then states that "if the Court finds the existence of these facts beyond a reasonable doubt, this evidence would establish each and every element of Counts 2 through 7." *Id.* ¶ 55. On this basis, Box posits that "Counts Two through Seven rely on the validity of the representations in Paragraph 54." Notice, ECF No. 96 at 7. Because Count One, to which Paragraph 54 refers, has been dismissed, Box suggests there is an insufficient basis to convict him of Counts Two through Seven. *Id.* at 7–8.

But the Court is unaware of any authority for the proposition that the dismissal of Count One has any bearing on the factual admissions in Paragraph 54. And in any event, the Court need not—and does not—rely on Paragraph 54 to find beyond a reasonable doubt that Box is guilty of Counts Two and Three, or any other count. Box stipulated to independent summaries of his admissions as to Counts Two and Three, Count Four, Count Five, Count Six, and Count Seven. Stip. Facts at 33–35 ¶¶ 56, 58, 60, 62, 64. And Box independently stipulated that those summaries described evidence sufficient to establish his guilt as to each of those counts. *Id.* at 33–57 ¶¶ 57, 59, 61, 63, 65. Further, every paragraph after Paragraph 53 is merely a summary reorganization of the extensive factual and legal stipulations presented earlier in the Stipulated Facts. Those admissions, and the Government's exhibits supporting them, provide sufficient evidence to find beyond a reasonable doubt that Box is guilty of Counts Two and Three.

**C. Count Four**

Count Four of the Superseding Indictment charges Box with Entering and Remaining in a Restricted Building or Grounds in violation of 18 U.S.C. § 1752(a)(1). The parties agree that to convict Box under Section 1752(a)(1), the Court must find beyond a reasonable doubt:

1. That the defendant entered or remained in a restricted building or grounds without lawful authority to do so; and

2. That the defendant did so knowingly.

Stip. Facts at 3. The term "restricted building or grounds" is defined further by 18 U.S.C. § 1752(c)(1)(B) to mean any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visiting.

Box "admits that, on January 6, 2021, at the U.S. Capitol, he entered or remained in a restricted building or grounds without lawful authority to do so, and, that he did so knowingly." Stip. Facts at 33–34 ¶ 58. Specifically, Box admits that he entered the Capitol through the Senate Wing Door at 2:14 PM. *Id.* at 17–18 ¶ 33. The Government presented CCTV footage confirming that admission, Gov't Ex. 7, and Box agreed that the footage depicted him, Stip. Trial Tr. 67:17–68:23. Box further admits that, after exiting the Capitol, he re-entered the Capitol building on two more occasions. Stip. Facts at 23–25 ¶¶ 39–42. These re-entries were also confirmed by video evidence, Gov't Exs. 10, 12, 13, which Box agreed depicted him, Stip. Trial. Tr. 82:6–16, 84:15–85:15, 87:25–90:25.

As to the *mens rea* requirement, Box's stipulations establish that he knew the Capitol grounds were restricted and that he lacked lawful authority to enter them. For example, Box admits that "temporary and permanent barricades and 'Area Closed' signs were in place around the exterior of the Capitol building." Stip. Facts at 7–8 ¶ 8. He stipulates that "[b]efore entering the U.S. Capitol building, Box observed police officers using pepper spray against individuals to try

8

to deter" them from entering the grounds. *Id.* at 15 ¶ 31. Box also admits that he watched "individuals shatter windows and climb into the building through them." *Id.* at 17–18 ¶ 33. The Government presented video evidence of these events, Gov't Exs. 5, 6, and Box agreed the videos depicted him, Stip. Trial Tr. 66:3–67:8. Additionally, Box admits that after his first entry into the Capitol, an officer told him "You don't want to be in here" and that he heard and acknowledged this warning. Stip. Facts at 23 ¶ 39. This too was confirmed by video evidence, Gov't Ex. 10, which Box agreed depicted him, Stip. Trial Tr. 82:6–16. In sum, Box admits that he "kn[ew] that he was not allowed to enter" the Capitol. Stip. Facts at 33–34 ¶ 58.

Finally, Box admits that the Capitol grounds were restricted because a person protected by the Secret Service—former Vice President Pence—was visiting the Capitol on January 6, 2021 when he entered and remained there. Stip. Facts at 7–10 ¶¶ 7, 11, 13, 16. Box admits further that "he knew Vice President Pence was at the Capitol that day." *Id.* at 14 ¶ 29. And that admission is confirmed by independent evidence. For example, Box discussed Pence's role in the election-certification process in the days leading up to January 6 and attended the "Stop the Steal" rally at the Ellipse that day. *Id.* at 13–14 ¶¶ 27, 29.[2]

Box agreed that "[i]f the Court finds the existence of these facts beyond a reasonable doubt . . . this evidence would establish each and every element of Count Four of the Superseding Indictment beyond a reasonable doubt." Stip. Facts at 34 ¶ 59. Having reviewed Box's admissions, the full Stipulated Facts, and the exhibits provided by the Government, the Court finds the existence of these stipulated facts has been established beyond a reasonable doubt.

---

[2] Whether Section 231's *mens rea* element requires that the defendant knew a person protected by the Secret Service was present is at issue in a pending appeal at the D.C. Circuit. *United States v. Griffin*, No. 22-3042 (D.C. Cir. argued Dec. 4, 2023). In another January 6 case, this Court determined Section 231 does require such knowledge. *United States v. Vaglica*, No. 23-cr-429, ECF No. 62. For the reasons explained, the Court finds beyond a reasonable doubt that Box knew Vice President Pence was at the Capitol when he entered and remained there on January 6, 2021.

Accordingly, the Court finds that the elements of the offense for Count Four have been established and thus finds Box **GUILTY** of Count Four of the Superseding Indictment.

### D. Count Five

Count Five of the Superseding Indictment charges Box with Disorderly and Disruptive Conduct in a Restricted Building or Grounds in violation of 18 U.S.C. § 1752(a)(2). The parties agree that to convict Box under Section 1752(a)(2), the Court must find beyond a reasonable doubt:

1. That the defendant engaged in disorderly or disruptive conduct in, or within such proximity to, a restricted building or grounds;

2. That such conduct occurred when, or so that, such conduct, in fact, impeded or disrupted the orderly conduct of Government business or official functions; and

3. That the defendant did so knowingly, and with intent to impede or disrupt the orderly conduct of Government business or official functions.

Stip. Facts at 4. The term "restricted building or grounds" is defined further by 18 U.S.C. § 1752(c)(1)(B) to mean any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visiting.

Box "admits that, on January 6, 2021, at the U.S. Capitol, he engaged in disorderly or disruptive conduct in, or within such proximity to, any restricted building or grounds; that such conduct occurred when, or so that, such conduct, in fact, impeded or disrupted the orderly conduct of Government business or official functions; and, that he did so knowingly, and with intent to impede or disrupt the orderly conduct of Government business or official functions." Stip. Facts at 34 ¶ 60. And Box's specific admissions support that general stipulation.

First, Box admits that "the conduct that satisfies Counts Two and Three . . . with respect to [his] conduct in the Crypt and near the East Rotunda doors" also satisfies Count Five's *actus reus* requirement. Stip. Facts at 34 ¶ 60. The Court agrees that those actions, described in Part B *supra*,

10

constitute disorderly or disruptive conduct. *See United States v. Alford*, 89 F.4th 943, 949–53 (D.C. Cir. 2024). And the Court further agrees that those actions occurred within or in immediate proximity to the Capitol building, which was, for the reasons described in Part C *supra*, a restricted building or grounds on January 6, 2021.

Second, Box admits that his conduct "impeded or disrupted the orderly conduct of Government business or official functions"—namely, "Congress's Certification of the Electoral College Vote and the Capitol Police's protection of the Capitol." Stip. Facts at 34 ¶ 60. Box agreed that the assemblage of rioters in and around the Capitol required the suspension of Congress's certification of the Electoral College vote and the removal by Congressional staff of the House Journal used for such proceedings. *Id.* at 8–9 ¶¶ 10–13; Stip. Trial Tr. 45:4–48:12. And Box further agreed that he "was among the first group of individuals to enter the building." Stip. Facts at 17–18 ¶ 33. Moreover, the video evidence discussed in Part B *supra* showed Box shouting down attempts by Capitol Police officers to calm the mob in the Crypt and attempting to prevent officers from sealing the East Rotunda doors against the crowd assembled outside.

Third, Box's admissions satisfy the "knowingly" and specific-intent *mens rea* requirements. Box admits that he acted "knowingly," Stip. Facts at 34 ¶ 60, and the Court agrees for the reasons explained in Part C *supra*. Box further admits that he acted "with intent to impede or disrupt the conduct of Government business or official functions." *Id.* That admission is supported by the litany of statements Box made on social media in the weeks and hours leading up to his entry into the Capitol. *Id.* at 10–15 ¶¶ 18–30. And it is further confirmed by Box's actions once he arrived at the Capitol, including, among other things, "instructing individuals about how to overcome the police's pepper spray" and attempting to organize "more people" to push against officers. *Id.* at 15, 28 ¶¶ 31, 45.

Box agreed that "[i]f the Court finds the existence of these facts beyond a reasonable doubt . . . this evidence would establish each and every element of Count Five of the Superseding Indictment beyond a reasonable doubt." Stip. Facts at 34 ¶ 61. Having reviewed Box's admissions, the full Stipulated Facts, and the exhibits provided by the Government, the Court finds the existence of these stipulated facts has been established beyond a reasonable doubt. Accordingly, the Court finds that the elements of the offense for Count Five have been established and thus finds Box **GUILTY** of Count Five of the Superseding Indictment.

### E. Count Six

Count Six of the Superseding Indictment charges Box with Disorderly Conduct in a Capitol Building or Grounds in violation of 40 U.S.C. § 5104(e)(2)(D). The parties agree that to convict Box under Section 5104(e)(2)(D), the Court must find beyond a reasonable doubt:

1. That the defendant engaged in disorderly or disruptive conduct in any of the United States Capitol Buildings or grounds;

2. That the defendant did so with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress; and

3. The defendant acted willfully or knowingly.

Stip. Facts at 5.

Box "admits that, on January 6, 2021, he engaged in disorderly or disruptive conduct in any of the United States Capitol Buildings; he did so with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress; and, he acted willfully and knowingly." Stip. Facts at 34–35 ¶ 62. Again, Box's specific admissions support that general stipulation to each of the elements of the offense.

As with Count Five, Box "admits that the conduct that satisfies Counts Two and Three . . . with respect to [his] conduct in the Crypt and near the East Rotunda doors" also satisfies Count

12

Six's *actus reus* requirement. Stip. Facts at 34–35 ¶ 62. The Court agrees that those actions, described in Part B *supra*, constitute disorderly or disruptive conduct. *See Alford*, 89 F.4th at 949–53. And those actions all took place either inside the Capitol building or on the steps immediately outside the building.

Box also admits that he acted with the requisite *mens rea*: "that he engaged in this conduct willfully and knowingly in order to impede, disrupt, or disturb Government business and official functions including Congress's Certification of the Electoral College Vote and the Capitol Police's protection of the Capitol." Stip. Facts at 34–35 ¶ 62. For the reasons stated in Parts C and D *supra*, the Court concludes that Box acted knowingly and with the requisite specific intent. Further, a "person acts 'willfully' when they 'act with knowledge that their conduct was unlawful.'" *United States v. Rivera*, 607 F. Supp. 3d 1, 10 (D.D.C. 2022) (CKK) (quoting *Bryan v. United States*, 524 U.S. 184, 191–92 (1998)) (cleaned up). Because the Court has already concluded that Box knew his presence in and around the Capitol was unauthorized, disruptive, and contrary to the express orders of officers attempting to secure the building, the Court also concludes that Box acted willfully. *See id.*

Box agreed that "[i]f the Court finds the existence of these facts beyond a reasonable doubt . . . this evidence would establish each and every element of Count Six of the Superseding Indictment beyond a reasonable doubt." Stip. Facts at 35 ¶ 63. Having reviewed Box's admissions, the full Stipulated Facts, and the exhibits provided by the Government, the Court finds the existence of these stipulated facts has been established beyond a reasonable doubt. Accordingly, the Court finds that the elements of the offense for Count Six have been established and thus finds Box **GUILTY** of Count Six of the Superseding Indictment.

**F. Count Seven**

Count Seven of the Superseding Indictment charges Box with Parading, Demonstrating, or Picketing in a Capitol Building or Grounds in violation of 40 U.S.C. § 5104(e)(2)(G).  The parties agree that to convict Box under Section 5104(e)(2)(G), the Court must find beyond a reasonable doubt that:

1. The defendant paraded, demonstrated, or picketed in any of the United States Capitol Buildings; and

2. The defendant acted willfully or knowingly.

Stip. Facts at 5.

Box "admits that, on January 6, 2021, he paraded, demonstrated, or picketed in any of the United States Capitol Buildings; and, he acted willfully and knowingly." Stip. Facts at 35 ¶ 64. Once again, Box's specific admissions support that general stipulation.

As with Counts Five and Six, Box "admits that the conduct that satisfies Counts Two and Three . . . with respect to [his] conduct in the Crypt and near the East Rotunda doors" also satisfies Count Seven's *actus reus* requirement.  Stip. Facts at 35 ¶ 64.  The Court agrees that Box's admitted conduct constitutes parading, demonstrating, or picketing within the meaning of Section 5104(e)(2)(G).  *See United States v. Nassif*, 97 F.4th 968, 979–982 (D.C. Cir. 2024).  And that conduct took place in the United States Capitol building.

Finally, Box admits that he acted with the requisite *mens rea*: "that he acted willfully and knowingly."  Stip. Facts at 35 ¶ 64.  He specifically admits that he "knew he was not permitted to enter the Capitol Building but did so anyway as part of the crowd" and that he "knew he was not allowed to push past police lines." *Id.*  On that basis, and for the reasons explained in Part E *supra*, the Court concludes that Box acted willfully and knowingly.

Box agreed that "[i]f the Court finds the existence of these facts beyond a reasonable

14

doubt . . . this evidence would establish each and every element of Count Seven of the Superseding Indictment beyond a reasonable doubt." Stip. Facts at 37 ¶ 65. Having reviewed Box's admissions, the full Stipulated Facts, and the exhibits provided by the Government, the Court finds the existence of these stipulated facts has been established beyond a reasonable doubt. Accordingly, the Court finds that the elements of the offense for Count Seven have been established and thus finds Box **GUILTY** of Count Seven of the Superseding Indictment.

\* \* \*

In sum, the Court finds Defendant Dominic X. Box **GUILTY** of Counts Two, Three, Four, Five, Six, and Seven of the Superseding Indictment.

**SO ORDERED**.

Date: October 15, 2024

_____
COLLEEN KOLLAR-KOTELLY
United States District Judge